IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OYCE HOLDINGS LLC,

   Plaintiff,

    v.

THE UNITED WAY, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-668-TWT

**OPINION AND ORDER**

This an action for breach of contract. It is before the Court on the Georgia Department of Public Health's Motion to Dismiss [Doc. 4] and the United Way's Motion to Dismiss [Doc. 5]. For the reasons stated below, the Georgia Department of Public Health's Motion to Dismiss is GRANTED. The United Way's Motion to Dismiss is also GRANTED.

**I. Background**

The Plaintiff, Oyce Holdings LLC, filed this Complaint in March of 2014, claiming that the Defendants, the Georgia Department of Public Health ("DPH") and the United Way, are liable for breach of contract by failing to pay the Plaintiff for

constructing a website.[1] The Plaintiff seeks payment of the full contract amount, punitive damages, and attorney's fees.[2] Defendant DPH moves to dismiss the Complaint on Eleventh Amendment grounds.[3] Defendant the United Way moves to dismiss the Complaint for lack of subject matter jurisdiction.[4] The Plaintiff opposes both motions.[5]

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute.[6] Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks."[7] Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as

---

[1] Compl. ¶¶ 1, 19-22.

[2] Id. at Prayer for Relief ¶¶ A-C.

[3] Br. of Ga. Dep't of Public Health in Supp. of Mot. to Dismiss, at 2.

[4] Def. United Way's Rule 12(b)(1) Mot. to Dismiss Pl.'s Compl., at 1.

[5] Pl.'s Resp. to Def. The Dep't of Public Health Mot. to Dismiss, at 1; Pl.'s Resp. to Def. The United Way's Mot. to Dismiss, at 1.

[6] FED. R. CIV. P. 12(b)(1).

[7] Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

true for the purposes of the motion."[8] On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.[9]

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"[10] The presumption of truthfulness does not attach to the plaintiff's allegations.[11] Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[12]

### III. Discussion

**A. The Georgia Department of Public Health's Motion to Dismiss**

The DPH moves to dismiss the Plaintiff's Complaint as barred by the Eleventh Amendment.[13] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

---

[8] Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit, 613 F.2d 507, 511 (5th Cir. 1980)).

[9] Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

[10] Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511).

[11] Id.

[12] Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

[13] Br. of Ga. Dep't of Public Health in Supp. of Mot. to Dismiss, at 2.

or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[14] Additionally, a state may not be sued by its own citizens.[15] This bar stands, regardless of the relief sought, unless the state consents to suit.[16] The Eleventh Amendment immunity extends to state agencies and other arms of the state as well.[17] The DPH is a state agency created statutorily by the Georgia General Assembly.[18] The DPH is therefore eligible for Eleventh Amendment immunity.

This is an action for breach of contract.[19] The state of Georgia has waived its sovereign immunity for actions for breach of contract.[20] A waiver of sovereign immunity, however, does not waive Eleventh Amendment immunity.[21] In fact, the Georgia Constitution specifically states that a waiver of sovereign immunity does not

---

[14] U.S. CONST. amend XI.

[15] Hans v. Louisiana, 134 U.S. 1, 10 (1890).

[16] Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

[17] Robinson v. Georgia Dep't of Transp., 966 F.2d 637, 639-40 (11th Cir. 1992).

[18] O.C.G.A. § 31-2A-2(a) (2011).

[19] Compl. ¶¶ 1, 21.

[20] GA. CONST. art. 1, § 2, ¶ IX(c); O.C.G.A. § 50-21-1(a) (2014).

[21] Robinson, 966 F.2d at 640.

constitute a waiver of Eleventh Amendment immunity.[22] Further, the Eleventh Circuit has specifically held that Georgia has not waived its Eleventh Amendment immunity for breach of contract suits in federal court.[23] Because Georgia has not consented to suit for breach of contract in federal court, the DPH is entitled to Eleventh Amendment immunity. This Court therefore lacks jurisdiction to decide the claims against the DPH. All claims against the DPH should be dismissed.

**B. The United Way's Motion to Dismiss**

The United Way moves to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[24] The Plaintiff alleges that diversity jurisdiction exists here.[25] Diversity jurisdiction requires complete diversity of the parties as well as an amount in controversy exceeding $75,000.[26] The Plaintiff's claim fails on both grounds.

---

[22] GA. CONST. art. 1, § 2, ¶ IX(f) ("No waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution.").

[23] Barnes v. Zaccari, 669 F.3d 1295, 1308 (11th Cir. 2012).

[24] Def. United Way's Rule 12(b)(1) Mot. to Dismiss Pl.'s Compl., at 1.

[25] Compl. ¶ 5.

[26] 28 U.S.C. § 1332(a)(1) (2012); Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267, 267 (1806).

First, complete diversity does not exist. When a non-diverse party is present, a federal court lacks original jurisdiction in a diversity case.[27] Here, the Plaintiff is a Georgia Limited Liability Company with its principal place of business in Atlanta, Georgia.[28] The United Way is a Georgia non-profit corporation with its principal place of business at 100 Edgewood Avenue N.E., Atlanta, Georgia.[29]

The Plaintiff now argues that the United Way of Greater Atlanta should be treated as part of United Way Worldwide and therefore as a citizen of New York (where United Way Worldwide is incorporated), and Virginia (where United Way Worldwide maintains its principal place of business).[30] This Court will not treat the two entities as one. First, the Plaintiff plead in its Complaint that the United Way has its principal place of business in Atlanta, Georgia, not in Virginia or New York.[31] Second, the United Way has submitted a declaration from Mark Sutton, which states that the United Way of Greater Atlanta and United Way Worldwide are two separate

---

[27] Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388-89 (1998).

[28] Compl. ¶ 2.

[29] Id. ¶ 3; Def. United Way's Reply Br. in Supp. of its Rule 12(b)(1) Mot. to Dismiss Pl.'s Compl., at 4.

[30] Pl.'s Resp. to Def. The United Way's Mot. To Dismiss, at 2-3.

[31] Compl. ¶ 3.

corporate entities.[32] This suit therefore involves a Georgia plaintiff and a Georgia defendant. There is also no indication that the Plaintiff meant to sue the worldwide entity instead of the Georgia entity, so an amendment to the Complaint would not solve the diversity problem. Complete diversity does not exist. Diversity jurisdiction is, therefore, not appropriate.

Second, even if complete diversity existed, the Plaintiff's claims do not reach the required amount in controversy. The amount in controversy must exceed $75,000, exclusive of interest and costs.[33] Here, the Plaintiff alleges that the amount in controversy requirement is satisfied.[34] Upon closer examination of the Plaintiff's Complaint, however, it appears that the requirement is not met. First, the Plaintiff alleges that the contract price was $42,075.[35] It then asserts claims for attorney's fees and punitive damages.[36] In its Opposition to the United Way's motion, the Plaintiff

---

[32] Sutton Decl. ¶ 8.

[33] 28 U.S.C. § 1332(a).

[34] Compl. ¶ 5.

[35] Id. ¶ 16.

[36] Id. at Prayer for Relief ¶¶ B, C.

asserts that the attorney's fees and punitive damages bring the claim above the $75,000 threshold.[37]

The Plaintiff correctly states that when actual and punitive damages are recoverable, they are both considered in calculating the amount in controversy.[38] In Georgia, however, punitive damages are not recoverable in an action for breach of contract.[39] The Plaintiff alleges only a claim for breach of contract.[40] Punitive damages may not be recovered, so they will not factor into the amount in controversy analysis.

The Plaintiff also argues that damages for attorney's fees raise the amount in controversy above the jurisdictional threshold.[41] A district court may consider a claim for attorney's fees in calculating the amount in controversy.[42] Such a claim, however, must be specific with regard to the amount of fees recoverable.[43] Without a range or

---

[37] Pl.'s Resp. to Def. The United Way's Mot. to Dismiss, at 3-4.

[38] Id. at 3.

[39] O.C.G.A. § 13-6-10 ("Unless otherwise provided by law, exemplary damages shall never be allowed in cases arising on contracts.").

[40] Compl. ¶¶ 1, 21.

[41] Pl.'s Resp. to Def. The United Way's Mot. to Dismiss, at 3-4.

[42] Fuller v. SunTrust Mortgage, Inc., No. 1:13-cv-3294-TWT, 2014 WL 3887916, at *8 (N.D. Ga. Aug. 6, 2014).

[43] Id.; Conable v. U.S. Foodservice, Inc., No. Civ.A. 105cv02887MHS, 2006 WL 149052, at *2 (N.D. Ga. Jan. 18, 2006).

a specific amount, the court would be engaging in pure speculation regarding the total of attorney's fees.[44]

Here, the Plaintiff generally requests attorney's fees under O.C.G.A. § 13-6-11.[45] The Complaint does not allege a specific amount of fees. Nor does it give a range of possible amounts. This Court therefore refuses to speculate as to the amount of attorney's fees recoverable. The amount in controversy is therefore limited to the damages for the breach of contract count – $42,075. As the amount in controversy does not exceed $75,000, the Complaint must be dismissed. Additionally, even if the Plaintiff were to amend the Complaint to allege claims exceeding $75,000, the dismissal would still stand because complete diversity does not exist. This Court lacks subject matter jurisdiction over the Plaintiff's Complaint.

---

[44] Conable, 2006 WL 149052, at *2.

[45] Compl., Prayer for Relief ¶ B.

## IV. Conclusion

For the reasons stated above, the Georgia Department of Public Health's Motion to Dismiss [Doc. 4] is GRANTED and the United Way's Motion to Dismiss [Doc. 5] is GRANTED.

SO ORDERED, this 1 day of October, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge